IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

| | |
|---|---|
| JOHN SOKOL, individually and on behalf of classes of similarly situated individuals, <br><br> *Plaintiff*, <br><br> v. <br><br> FORTEGRA FINANCIAL CORPORATION, a Delaware corporation, and ENSURETY VENTURES, LLC d/b/a, OMEGA AUTO CARE, a Missouri corporation, <br><br> *Defendants*. | CASE NO 3:18-cv-262 <br><br> JUDGE BRIAN J. DAVIS |

**OPPOSITION TO DEFENDANT FORTEGRA FINANCIAL CORP'S MOTION TO DISMISS**

Plaintiff respectfully requests that the motion to dismiss filed by Defendant Fortegra Financial Corporation (Dkt. No. 25) be denied.

**I.   Introduction**

Fortegra's motion to dismiss should be denied because the complaint, construed in the light most favorable to Plaintiff, properly and plausibly alleges that Fortegra is vicariously liable for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. Courts recognize that agency liability under the TCPA is generally a question of fact that cannot be resolved on the pleadings. And as the FCC and courts have recognized, plaintiffs are not required to plead the specific details of corporate relationships, information exclusively within Defendants' possession. The complaint here gives Fortegra fair notice of the claims against it, what the case is about, and how discovery will prove—or disprove—Plaintiff's claims. The motion to dismiss should therefore be denied.

## II.  Background

Plaintiff John Sokol alleges that Defendants violated the TCPA by calling his cellular phone using an automatic telephone dialing system without his prior express written consent. Compl. ¶¶ 41-49.  The calls were part of a telemarketing scheme to sell automotive warranty services.  *Id.* ¶¶ 11, 42.  Omega Auto Care, a/k/a Defendant Ensurety Ventures, LLC ("Omega") is a nationwide seller and servicer of such services.  *Id.* ¶¶ 10, 23.  Fortegra is a nationwide provider of automotive warranty underwriting services, including to Omega.  *Id.* ¶ 21.

Fortegra affirmatively misrepresents the Complaint in claiming that "Fortegra's only connection to the call – and to this case – is a 'Fortegra company logo' on Omega's website." *See* Dkt. No. 25 at 2.  This is simply false.  In a 21-paragraph section titled "Fortegra and Omega's Marketing Arrangement," the Complaint describes the relationship between Fortegra and Omega, and explains with Fortegra is vicariously liable for the TCPA violations in this case. Compl., ¶ 20-40.  The Complaint refers to Defendants' joint conduct—i.e., conduct by Omega *and* Fortegra.  Thus, Plaintiff alleges that Fortegra and Omega together established an automated calling operation to solicit customers to purchase automotive warranties underwritten by Fortegra and serviced by Omega.  *Id.*¶ ¶ 1, 25-28.  Fortegra and Omega are prominently affiliated – Omega's website includes a "large Fortegra company logo" on its "About Us" website and states that Omega is insured by a Fortegra subsidiary.  *Id.* ¶ 24.

Tellingly, Fortegra never denies that it has such a relationship with Omega.  Thus, the only question is whether that relationship can give rise to vicarious liability.

## III.  Legal Standard

A complaint should be dismissed for failure to state a claim only where the facts alleged

fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The touchstone of the Rule 8 pleading requirement is fair notice: the complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and alteration omitted).

In deciding the motion, the Court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (citation omitted). The moving party bears the burden of establishing that the allegations in the complaint do not make out a plausible claim for relief. *See, e.g.*, *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) ("The motion is granted only when the movant demonstrates that the complaint has failed to include enough facts to state a claim to relief that is plausible on its face.") (internal quotation marks omitted).

IV. <u>Argument</u>

    A. <u>**The TCPA provides for vicarious liability.**</u>

The Supreme Court holds that "under federal common-law principles of agency, there is vicarious liability for TCPA violations." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674, 193 L. Ed. 2d 571 (2016). Thus, Fortegra acknowledges, as it must, that the TCPA imposes liability not just on the actual callers – often fly-by-night operations – but also on the product manufacturers and sellers on whose behalf calls are made. The FCC, which has authority to issue binding interpretations of the TCPA, *see Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1119-21 (11th Cir. 2014), determined in 2013 that the TCPA incorporates federal

common law principles of vicarious liability. *See In re Dish Network, LLC*, 28 FCC Rcd. 6574 (2013). The FCC explained:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers(or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, . . . suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*Id.* at 6588 (footnote omitted).

The FCC recognized that the TCPA addressed this concern by making companies liable for the acts of their "third-party marketer[s] . . . under federal common law principles of agency." *Id.* at 6574. These principles include the "classical definition of 'agency'" that "arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." *Id.* at 6586 (citation omitted). Vicarious liability under the TCPA also extends beyond "formal agency" to "principles of apparent authority and ratification." *Id.* at 6584. Liability based on apparent authority "holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and is traceable to a manifestation of the principal." *Id.* at 6587 (citation omitted). And a principal "ratifies [the unlawful acts] by knowingly accepting their benefits," for example "through conduct justifiable only on the assumption that the person

consents to be bound by the act's legal consequences." *Id.* (citation omitted).

Whether an agency relationship exists under federal common law is typically a question of fact. *See, e.g., Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1235-36 (11th Cir. 2014) (discussing federal maritime law). That is as true in the TCPA context as any other. *See, e.g., Mauer v. Am. Intercontinental Univ., Inc.*, No. 16-1473, 2016 WL 4651395, at *2 (N.D. Ill. Sept. 7, 2016) ("Agency is typically a factual issue, with the plaintiff at the pleading stage only required to allege a factual basis that gives rise to an inference of agency relationship through the use of generalized as opposed to evidentiary facts.").[1]

### B. The complaint plausibly alleges that Fortegra is vicariously liable for TCPA violations.

Here, the complaint alleges that Fortegra and Omega together operate an automated telemarketing scheme to sell car warranties. The Complaint's allegations include Omega's use of Fortegra's company logo on its website—a fact that Fortegra's own brief acknowledges supports vicarious liability. Dkt. No. 25 at 6 (citing *Strauss v. CBE Grp., Inc.*, 173 F. Supp. 3d 1302, 1309 (S.D. Fla. 2016) ("giving the agent authority to use the principal's trade name, trademark, or service mark [supports vicarious liability]") and *In re Dish Network, LLC*, 28 FCC Rcd. at 6592). Those allegations are sufficient for discovery on whether the relationship between Fortegra and Omega implicates agency principles. *See Vessal v. Alarm.com*, No. 17-2188, 2017 WL 4682736, at *3 (N.D. Ill. Oct. 18, 2017) (denying motion to dismiss where "[p]laintiff's

---

[1] *See also, e.g., Krakauer v. Dish Network L.L.C.*, 311 F.R.D. 384, 395 (M.D.N.C. 2015) ("It is well-established that whether an agency relationship exists is a factual determination."); *Kistensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014) ("Whether an agency relationship exists is ordinarily a question of fact."); *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 743-44 (N.D. Ill. 2014) ("[T]he existence of an agency relationship is a question of fact.").

agency theory of liability is sufficient to put defendant [] on notice, but the allegations are quite slim," and explaining that "[t]he saving grace for [plaintiff] is that the existence of an agency relationship is usually a factual question"); *Dolemba v. Ill. Farmers Ins. Co.*, 213 F. Supp. 3d 988, 995-96 (N.D. Ill. 2016) (same, and explaining that "a plaintiff is not required to plead all of its evidence in the complaint in order to plausibly allege agency"); *McCabe v. Caribbean Cruise Line, Inc.*, No. 13-6131, 2014 WL 3014874, at *4 (E.D.N.Y. July 3, 2014) (same, where the plaintiff alleged that robocalls were "made pursuant to a contract to which the defendant" was a party"); *Hartley-Culp v. Green Tree Serv., LLC*, 52 F. Supp. 3d 700, 703-04 (M.D. Pa. 2014) (same, where plaintiff alleged two defendant were liable because calls were made "at their direction, and under their control"); *In re Jiffy Lube Int'l, Inc. Text Spam Litig.*, 847 F. Supp. 2d 1253, 1258 (S.D. Cal. 2012) (same, where plaintiffs alleged that "Defendants and their agents directed the mass transmission of wireless spam to the cell phone nationwide," and explaining that "[w]hile the complaint does not provide specifics about how much control [the defendant] possessed or how much information [it] has as to [the caller's] use off an auto-dialer, [it] has not provided a convincing reason as to why such specifics are necessary").[2]

As the FCC has recognized, plaintiffs are not required to plead the details of corporate relationships, details they often have no way of knowing without discovery. *See In re Dish Network*, 28 FCC Rcd. at 6593 & n.139 ("[W]e stress that nothing in this order requires a consumer to provide proof – at the time it files its complaint -- that the seller should be held

---

[2] This case is therefore not like *Abramson v. 1 Global Capital, LLC*, No. 16-61373, at *5 (S.D. Fla. Sept. 23, 2015), where the plaintiff did not even "make it clear he intend[ed]" to pursue a vicarious liability theory, and "instead merely stat[ed], without legal support, that third parties are regularly utilized by telemarketers." Different too is *Spiegel v. Carlson*, No. 15-1809, 2016 WL 5477529, at *5 (N.D. Ill. Sept. 29, 2016), where the plaintiff failed to plead vicarious liability at all.

vicariously liable for the offending call."). Rather, plaintiffs "may acquire through discovery" "evidence of these relationships . . . , if they are not independently privy to such information." *Id.* at 6593. Where, as here, no discovery has been taken, courts are rightly hesitant to grant motions to dismiss because that Plaintiffs are not in a position to plead the precise details of internal corporation affairs and relationships. Plaintiffs "may obtain evidence of a relationship between a vendor and telemarketer through discovery if they do not know the information on their own." *Mauer*, 2016 WL 4651395, at *2. At "the pleading stage, it is irrelevant that a plaintiff cannot identify a third-party telemarketer, or what arrangement that third party had with the defendant vendors because the defendants, and not the plaintiff, are reasonably expected to know this information." *Id.*[3] Indeed, at this point, Fortegra has not even produced its mandatory Rule 26(a)(1) initial disclosures.

Fortegra argues that it cannot be liable for the calls because it is an "underwriter" and not a "seller." Dkt. No. 25 at 6-7. But the TCPA imposes liability on "any person," 47 U.S.C. § 227(b), and "vicarious liability turns on the satisfaction of relevant standards of agency,

---

[3] *See also, e.g.*, *Cunningham*, 251 F. Supp. 3d at 1199 (denying motion to dismiss, and explaining that "while [the plaintiff] has not alleged every detail of the relationship between the Defendants, the Court recognizes that those limitations are in significant part due to the posture of the case"); *Vessal*, 2017 WL 4682736, at *3 (denying motion to dismiss, and emphasizing that "any evidence of an agency relationship between [the defendant] and the identified third-party dealers is entirely within [the defendant's] control"); *Charvat v. Allstate Corp.*, 29 F. Supp. 3d 1147, 1150-51 (N.D. Ill. 2014) ("Defendants insist, however, that plaintiff has not pled any basis from which to infer vicarious liability because he 'does not identify the third-party telemarketer or lead generator' who initiated the call, nor does he allege 'what arrangement, if any, that third party had with either defendant.' These objections are meritless because it is defendants, not plaintiff, who can reasonably be expected to know these facts, and plaintiff's allegations, taken together, suffice to entitle him to discovery on the issue of vicarious liability."); *Toney*, 75 F. Supp. 3d at 743-44 (denying motion to dismiss TCPA vicarious liability allegations and explaining that "[t]he court is mindful that discovery is not yet complete and therefore plaintiff does not have access to all of the details about [the defendants'] relationship").

irrespective of a defendant's nominal designation." *Gomez v. Campbell-Ewald*, 768 F.3d 871, 878 n.6 (9th Cir. 2014), *aff'd*, 136 S. Ct. 663 (2016); *see also id.* at 878 (stating that "although the FCC's 2013 ruling may emphasize vicarious liability on the part of merchants, the FCC has never stated that vicarious liability is *only* applicable to these entities," and noting that the defendant "identifie[d] no case in which a defendant was exempt from liability due to the outsourced transmission of the prohibited calls"); *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 119 ("[The defendant] identifies no legal grounds for assuming that the mere existence of a middleman categorically defeats the possibility of agency liability under federal common law principles."). And whether Fortegra's particular role in the scheme "severs the possibility of traditional agency liability . . . is highly fact-dependent." *Cunningham*, 251 F. Supp. 3d at 1198.[4]

      C.      **Fortegra is on fair notice of the nature of the claims against it.**

Fortegra argues that the complaint "improperly lumps together Omega and Fortegra," Dkt. No. 25 at 9, citing in support the unremarkable proposition that Fortegra is entitled to fair notice of the claims against it. That standard is satisfied here: the complaint alleges that Fortegra and Omega together operated a telemarketing scheme consisting primarily of repeated violations of the TCPA. *See, e.g.*, *Aranda v. Caribbean Cruise Line, Inc.*, 179 F. Supp. 3d 817, 821, 829 (N.D. Ill. 2016) (rejecting defendants' argument that "plaintiffs failed to adequately distinguish the role played by each defendant in the allegedly unlawful call campaign," and explaining that "plaintiffs have consistently contended that defendants acted in concert"); *Bilecki v. Mather Inv'rs, LLC*, No. 08-1, 2008 WL 4376372, at *2 (W.D. Mich. Sept. 22, 2008) (denying motion to

---

[4] Fortegra relies on *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 447-52 (9th Cir. 2018), but there the court found insufficient evidence of agency on a full record at summary judgment.

dismiss, nothing that "the complaint alleges that each of the Defendants . . . operates" the business at issue, and explaining that "[t]he Federal Rules of Civil Procedure do not require a plaintiff to make separate statements against each individual defendant").

The complaint shows how discovery will prove or disprove those claims. Fortegra is liable for calls made on its behalf if the calls were made consistent with actual agency, apparent agency, or ratification. If that is not the case – for example, if Fortegra did not underwrite the warranties sold via Omega's telemarketing program, or if Omega and its telemarketer acted independently of Fortegra and without its knowledge – then discovery will quickly and easily validate that defense.[5]  *Cf. Mey v. Venture Data, LLC*, 245 F. Supp. 3d 771, 787 (N.D.W. Va. 2017) (denying summary judgment where "[d]iscovery in this case has revealed evidence to support [the plaintiff's] allegations that [the defendant] exerts control over [the caller's] calling operations."). That is all that notice pleading requires. *See Aranda v. Caribbean Cruise Line, Inc.*, 179 F. Supp. 3d 817, 928-30 (N.D. Ill. 2016) ("Although the particular theories of vicarious and joint liability upon which plaintiffs ultimately rest their claims may have become clear to defendants only more recently, plaintiffs had no obligation under federal pleading rules to apprise defendants of their legal theories in their complaint. The bottom line is that defendants have been on notice since near the outset of the case that plaintiffs seek to hold them vicariously or jointly liable, and that is all plaintiffs were required to do.").

---

[5] Here, Fortegra does not deny that it underwrote the car warranties that were the subject of Omega and Fortegra's telemarketing scheme. Rather, Fortegra merely posits that "it is unclear whether Fortegra was even the underwriter on the product allegedly marketed to Plaintiff." Dkt. No. 25 at 2. Discovery can quickly remedy any purported lack of clarity. Either Fortegra did or did not underwrite Omega's car warranties.

**V.      Conclusion**

Plaintiff respectfully requests that the motion to dismiss be denied.  Alternatively, Plaintiff requests that any dismissal be without prejudice and with leave to amend.

Dated:  May 15, 2018                                    By:  /s/ *James J. Boyle*

                                                        James J. Boyle (Trial Counsel)
                                                        Florida Bar # 35412
                                                        BOYLE & GALNOR, P.A.
                                                        James J. Boyle
                                                        50 N. Laura Street, Suite 2500
                                                        Jacksonville, FL 32202
                                                        Telephone:  (904) 516-5507
                                                        Email:  james@boyleandgalnor.com


                                                        Daniel M. Hutchinson (*pro hac vice*)
                                                        LIEFF CABRASER HEIMANN
                                                          & BERNSTEIN, LLP
                                                        275 Battery Street, 29th Floor
                                                        San Francisco, California  94111-3339
                                                        Telephone:  (415) 956-1000
                                                        Facsimile:  (415) 956-1008
                                                        Email:  dhutchinson@lchb.com

                                                        Jonathan D. Selbin (*pro hac vice*)
                                                        LIEFF CABRASER HEIMANN
                                                          & BERNSTEIN, LLP
                                                        250 Hudson Street, 8th Floor
                                                        New York, NY  10013
                                                        Telephone:  (212) 355-9500
                                                        Facsimile:  (212) 355-9592
                                                        Email:  jselbin@lchb.com

                                                        Andrew R. Kaufman (*pro hac vice*)
                                                        LIEFF CABRASER HEIMANN
                                                          & BERNSTEIN, LLP
                                                        222 Second Avenue South, Suite 1640
                                                        Nashville, TN 37201
                                                        Telephone: (615) 313-9000
                                                        Facsimile: (615) 313-9965
                                                        Email:  akaufman@lchb.com

        Matthew R. Wilson (*pro hac vice*)
        Michael J. Boyle, Jr. (*pro hac vice*)
        MEYER WILSON CO., LPA
        1320 Dublin Road, Ste. 100
        Columbus, Ohio 43215
        Telephone:  (614) 224-6000
        Facsimile:  (614) 224-6066
        Email:  mwilson@meyerwilson.com
        Email:  mboyle@meyerwilson.com

*Attorneys for Plaintiff and the Proposed Classes*

## **CERTIFICATE OF SERVICE**

      I certify that on May 15, 2018, this document was filed on the Court's CM/ECF system, which will send notice to all counsel of record.

                                                                        */s/ Daniel M. Hutchinson*